UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| D'Angelo Montez Nelson, | ) | Civil Action No.: 2:17-cv-00815-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ms. Jones, *RHU Unit Manager*; and | ) | |
| Warden Dunlap, *Kershaw* | ) | |
| *Correctional Institution*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff D'Angelo Montez Nelson, a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983 against the two above-captioned Defendants, who have filed a motion for summary judgment. *See* ECF Nos. 1 & 31. The matter is now before the Court for consideration of the parties' objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker, who recommends denying Defendants' motion for summary judgment.[1] *See* ECF Nos. 45, 47, 48, & 51.

## Legal Standards

### I. Review of the R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility

determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

**Discussion**

Plaintiff has filed a § 1983 complaint seeking injunctive and monetary relief, alleging he was deprived of out-of-cell exercise and recreation "while housed in the segregated unit known as [the] Restricted Housing Unit (R.H.U.)" at the South Carolina Department of Corrections ("SCDC"). *See* Complaint [ECF No. 1]. Liberally construing Plaintiff's complaint and attachments, the alleged events

involve two different prisons: Perry Correctional Insitution and Kershaw Correctional Institution. Plaintiff names two defendants: "Ms. Jones, RHU Unit Manager" and "Warden Dunlap, Kershaw Correctional Institution" (collectively, "Defendants"). Compl. at p. 1. Defendants have answered and moved for summary judgment. *See* ECF Nos. 19 & 31. The Magistrate Judge recommends denying Defendants' motion for summary judgment and dismissing as moot Plaintiff's claim for injunctive relief. *See* R & R at pp. 1, 9. Defendants have filed objections to the R & R, and Plaintiff has filed two responses to the R & R.[2] *See* ECF Nos. 47, 48, & 51.

I.  **Plaintiff's Official Capacity Claims**

Initially, the Court notes Plaintiff sues Defendants—who are SCDC employees—for monetary damages in both their individual *and official* capacities. *See* Compl. at pp. 2–3. Although neither the Magistrate Judge nor Defendants address the official capacity claims, the Court notes these claims are subject to summary dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(iii) because "[t]he Eleventh Amendment bars suit against state officials in their official capacity for damages under 42 U.S.C. § 1983." *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 278 (4th Cir. 2016); *see* 28 U.S.C. §1915(e)(2)(B)(iii) (providing that in a proceeding in forma pauperis, "the court shall dismiss the case *at any time* if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief" (emphasis added)); *see, e.g.*, *Major v. Ruth*, 5:16-cv-03605-MGL-KDW, 2016 WL 7974110, at *3 (D.S.C. Dec. 28, 2016), *adopted by*, 2017 WL 345155 (D.S.C. Jan. 24, 2017) ("Plaintiff's Complaint is subject to summary dismissal based on Eleventh Amendment immunity because he sues SCDC employees in their official capacities . . . ."). Accordingly, the Court will

---

[2]  The Clerk docketed Plaintiff's two responses as "objections" (and Defendant filed a reply to Plaintiff's "objections," *see* ECF No. 49), but Plaintiff's filings do not actually contain objections to the R & R. *See* ECF Nos. 47 & 51. Accordingly, the Court refers to Plaintiff's filings (ECF Nos. 47 & 51) as "responses" to the R & R.

4

summarily dismiss Plaintiff's official capacity claims seeking monetary damages.

**II.     Plaintiff's Individual Capacity Claims / Defendants' Objections**

Defendants lodge three objections to the R & R. *See* Defs.' Objs. [ECF No. 48]. They first argue they can only be held liable for acts and/or omissions that occurred while Plaintiff was incarcerated at the prison where they were actually employed—***Kershaw*** Correctional Institution.[3] *Id.* at p. 1. "In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged ***acted personally*** in the deprivation of the plaintiff's rights. . . . Consequently, [Defendants] must have had personal knowledge of and involvement in the alleged deprivation of [Plaintiff]'s rights in order to be liable." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks omitted) (emphasis added). As the Magistrate Judge explains, Plaintiff's complaint alleges the deprivation of out-of-cell exercise occurred at ***Perry*** Correctional Institution between September 24 and November 14, 2016, *see* Compl. at p. 5, but a grievance form attached to his complaint indicates the alleged deprivation also occurred at ***Kershaw*** in August 2016 and during the preceding seven weeks. *See* ECF No. 1-1 at pp. 5–6.[4] The Court further notes that Defendants submitted with their motion for summary judgment an affidavit from Gary Lane (the current warden at Kershaw) who avers Defendants were not employed at Perry but instead were employed at Kershaw

---

[3]     Defendants also raised this argument in their motion for summary judgment, *see* ECF No. 31-1 at pp. 1–4, but the Magistrate Judge did not squarely address it (as she appears to recommend finding that Defendants can be held liable for the alleged events that occurred at both Perry and Kershaw for approximately fifteen weeks), *see* R & R at pp. 5, 7)

[4]     This grievance form is dated August 9, 2016, and in it Plaintiff states, "It's a direct violation to my 8th amendment right – cruel and unusual punishment; that I'm being deprived of recreation outside my cell. [I]t's been 1 month and 3 week[s] since [I']ve been in (R.H.U.) and have yet been able to exercise outside my cell." ECF No. 1-1 at p. 5; *see also* ECF No. 31-2 at p. 3 (same grievance form submitted with Defendants' motion for summary judgment). Defendant Dunlap denied the grievance on August 13, 2016, stating "Unit Managers [i.e., Defendant Jones] may provide in cell recreation sheets to inmates upon their request." *Id.* at p. 6; *see also* ECF No. 31-1 at p. 2 (citing ECF No. 1-1 and explaining Defendant Dunlap denied the grievance); ECF No. 31-2 at p. 4 (same denial from Defendant Dunlap).

during all relevant times alleged in Plaintiff's complaint. *See* ECF No. 34-1 at ¶¶ 3–4. Plaintiff has not submitted any evidence refuting this affidavit,[5] and therefore the Court agrees with Defendants that they can be held liable only for the alleged deprivation involving Kershaw (not Perry). *See Wright*, *supra*.

In their second objection, Defendants contend Plaintiff is not entitled to summary judgment because he has failed to produce any evidence of a serious or significant physical or emotional injury resulting from not having out-of-cell exercise.[6] Defs.' Objs. at pp. 1–2 (citing *Strickler v. Waters*, 989 F.2d 1375, 1380 (4th Cir. 1993)). The Court agrees.

The Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments," protects inmates from inhumane treatment and conditions during incarceration. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler*, 989 F.2d at 1379 (internal quotation marks omitted). "[T]he first showing requires the court to determine whether the deprivation of the basic human need was objectively sufficiently serious." *Id.* Significantly, the Fourth Circuit in *Strickler* stated:

> We reaffirm today . . . that **in order to withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or**

---

[5] Plaintiff's complaint is not verified, and therefore it cannot be considered an opposing affidavit for summary judgment purposes. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion.").

[6] Defendants did not raise this argument in their motion for summary judgment, but the Court will consider it in light of its duty to consider all arguments, even those not presented to the Magistrate Judge. *See Samples v. Ballard*, 860 F.3d 266, 272 (4th Cir. 2017) ("[A]s part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." (emphases removed) (quoting *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992))).

6

> **significant physical or emotional injury resulting from the challenged conditions.** The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.

*Id.* at 1380–81 (emphasis added); *see also id.* at 1381 n.9 ("The mere incantation of 'physical and mental injury,' of course, is inadequate to survive a motion for summary judgment."); *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (reciting the *Strickler* standard and explaining that "[c]ompelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of a deprivation devolve into an application of the subjective views of the judges deciding the question").

Here, Plaintiff has not produced evidence that he sustained any serious or significant physical or emotional injury as a result of the alleged lack of out-of-cell exercise for seven weeks at Kershaw.[7] Plaintiff cannot rest on the mere allegations in his complaint at the summary judgment stage but instead must come forward with some evidence of significant/serious injury. He has not. Defendants are

---

[7] As noted above, Plaintiff's complaint is not verified. Moreover, Plaintiff did not submit any evidence with his unsworn response in opposition (or surreply), and his responses to the R & R likewise constitute unsworn argument. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (holding "unsworn argument does not constitute evidence" for purposes of summary judgment); *see, e.g.*, *Walker v. Tyler Cty. Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001) ("We thus affirm the district court's grant of summary judgment because the [the plaintiffs'] opposition to the [] defendants' motion rests on what we must regard as mere pleading allegations."). Significantly, after Defendants moved for summary judgment, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the summary judgment procedure to Plaintiff. *See* ECF No. 32.

The Court notes Plaintiff attached a "Request to Staff Member" to his responses to the R & R, *see* ECF Nos. 47-1 & 51-1 (complaining of "chest pain when I wasn't getting recreation at Kershaw"). However, this document is dated February 14, 2018—five months after Defendants filed their motion for summary judgment and six months after discovery ended. *See* ECF Nos. 21 & 31. The Court finds it inappropriate to consider this document at this late stage in the case, and even if it did, the Court would not find the document sufficient to raise a genuine issue of material fact concerning the objective component of Plaintiff's Eighth Amendment claim. *See Shakka*, *infra*. The incident complained of happened in 2016. This poor attempt to create a question of fact is dated 2018; notably, Plaintiff has submitted no medical records or other evidence to support any claim "of a serious or significant physical or emotional injury." *Strickler*, 989 F.2d at 1381.

therefore entitled to summary judgment because there is no genuine issue of material fact regarding the objective component of the Eighth Amendment analysis. *See Anderson*, 477 U.S. at 248 ("[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." (internal quotation marks and ellipsis omitted) (citing Fed. R. Civ. P. 56(e)); *see, e.g.*, *Strickler*, 989 F.2d at 1381 (finding that although the plaintiff "allege[d] deprivations caused by . . . limited exercise opportunities," summary judgment was warranted because he "c[a]me forward with no evidence that he . . . sustained any serious or significant physical or emotional injury as a result of these conditions"); *Shakka*, 71 F.3d at 168 ("Because Shakka failed to present sufficient evidence to raise a genuine issue of material fact concerning the objective component of this Eighth Amendment claim, summary judgment was proper on this allegation[.]"); *Mickell v. Stirling*, No. 6:15-cv-04656-RBH, 2017 WL 626107, at *3 (D.S.C. Feb. 15, 2017) (granting summary judgment for similar reasons), *aff'd*, 698 F. App'x 749 (4th Cir. 2017); *Ham v. Ozmint*, No. 6:10-cv-01095-DCN-KFM, 2011 WL 1559225, at *3 (D.S.C. Apr. 6, 2011) ("The plaintiff contends that he was deprived out-of-cell exercise for six or more months . . . . That contention may touch upon constitutional concerns; however, it is insufficient alone to meet the objective prong of the *Strickler* analysis as the plaintiff must further provide some evidence that the deprivation was so extreme as to cause him to suffer some serious or significant physical or emotional injury."), *adopted by*, 2011 WL 1543221 (D.S.C. Apr. 25, 2011), *aff'd*, 448 F. App'x 326 (4th Cir. 2011).[8] Accordingly, the Court will grant Defendants' summary judgment

---

[8] The Court recognizes the alleged lack of out-of-cell exercise could rise to the level of a constitutional violation if proven true, but again, Plaintiff has not produced any evidence that he sustained any serious or significant physical or emotional injury as a result of this alleged deprivation. *See Strickler*, 989 F.2d at 1381 (acknowledging that the alleged "conditions could rise to the level of constitutional violations were they to produce serious deprivations of identifiable human needs," but concluding summary judgment was proper because the plaintiff failed to produce evidence of a "serious or significant physical or emotional injury as a result of these conditions").

8

motion on this basis.[9]

In their final objection, Defendants argue they are entitled to qualified immunity, *see* Defs.' Objs. at p. 2, and the Court agrees. As explained above, "[i]f a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the [Eighth] Amendment." *Strickler*, 989 F.2d at 1381. Because Plaintiff has not produced evidence of such an injury, he has not shown an Eighth Amendment violation. *See Thompson v. Commonwealth of Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) ("To overcome the qualified immunity defense at the summary judgment stage, the plaintiff must have shown facts that make out a violation of a constitutional right . . . . As to the merits prong of the qualified immunity analysis, [the plaintiff] must show a violation of the Eighth Amendment.").

---

The Court further notes the Magistrate Judge heavily relied on the Fourth Circuit's decision in *Mitchell v. Rice*, 954 F.2d 187 (4th Cir. 1992), in reaching her recommendation to deny summary judgment. *See* R & R at p. 4–5, 7. However, *Mitchell* deals with qualified immunity, and it appears the Magistrate Judge omitted the initial inquiry regarding a plaintiff's evidentiary burden at the summary judgment stage where an Eighth Amendment conditions-of-confinement claim is at issue. Indeed, the Magistrate Judge did not cite *Strickler* or otherwise discuss the requirement that a plaintiff must produce evidence of a serious or significant physical or emotional injury to withstand summary judgment on an Eighth Amendment challenge to prison conditions.

Moreover, while "depriving inmates of ***all*** meaningful opportunities to exercise generally violates the Eighth Amendment," *Mitchell*, 954 F.2d at 193 (emphasis added), "[i]n *Mitchell* and subsequent cases, the Fourth Circuit Court of Appeals declined to announce a bright-line rule as to how long the period of deprivation of out-of-cell exercise or recreation must be to violate the Eighth Amendment, nor has an actionable distinction been made between in-cell and out-of-cell exercise deprivations. Instead, a totality of the circumstances in a given case should be considered. *Id.* at 191." *Ham*, 2011 WL 1559225, at *3. Notably, Defendants' affidavit from Lane indicates "[t]hat if in fact[] outside recreation is limited[,] inmates are provided the opportunity to exercise in their cell." ECF No. 34-1 at ¶ 6. Plaintiff does not allege that he was unable to exercise in his cell while temporarily in the RHU, and as explained above, he has not produced the requisite evidence to survive summary judgment. *See, e.g.*, *Dozier v. Sanders*, No. 3:09-cv-02309-JMC-JRM, 2011 WL 846704, at *10 (D.S.C. Feb. 4, 2011) ("Plaintiff was provided with an in-cell exercise program. Plaintiff does not allege that he was unable to exercise in his cell, and he fails to show that an inability to exercise out-of-cell for a short period of time violated his Eighth Amendment rights." (internal citation omitted)), *adopted by*, 2011 WL 846698 (D.S.C. Mar. 9, 2011), *aff'd*, 441 F. App'x 975 (4th Cir. 2011).

[9] The Court need not reach the subjective component of the Eighth Amendment analysis. *See, e.g.*, *Strickler*, 989 F.2d at 1379 ("Because we conclude that [the plaintiff] has not established the serious deprivation of a basic human need required to survive summary judgment on his claim of an Eighth Amendment violation, we need not consider whether [the defendant] acted with an intent sufficient to satisfy the Amendment's state-of-mind requirement.").

For the above reasons, the Court will sustain Defendants' objections and grant their motion for summary judgment.

## **Conclusion**

The Court respectfully **REJECTS** the Magistrate Judge's R & R [ECF No. 45], summarily **DISMISSES** Plaintiff's official capacity claims seeking monetary damages, **GRANTS** Defendants' motion for summary judgment [ECF No. 31], and **DISMISSES** this action *with prejudice*.

**IT IS SO ORDERED.**

Florence, South Carolina  
July 31, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge